ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 26 PM 3 54
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LUIS LONDONO-DAZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-098 |
| | ) | |
| CHARLES SAMUEL, BOP Director, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner has filed the above-captioned case styled as a "Motion for Declaration of Judgment of Nationality or Citizenship Pursuant to 8 U.S.C. § 1503 under 28 U.S.C. § 2201." For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.[1]

### I. BACKGROUND

Petitioner states that he entered the United States while still a minor under the custody of his father. (Doc. no. 1, p. 2.) According to Petitioner, his father became a citizen in 1993, and Petitioner obtained permanent residence in 1995. (Id.) On August 6, 2008, Petitioner pled guilty to one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the

---

[1]The Court is aware that Petitioner did not submit a motion to proceed *in forma pauperis*. In any event, as the Court has determined it lacks jurisdiction over Petitioner's case, see infra, any such motion would be moot, and the Court has thus proceeded to make a recommendation in this case despite the deficiency.

Eastern District of Michigan. See United States v. Londono-Daza, CR 208-20320, doc. no. 13 (E.D. Mich. Aug. 8, 2008). Petitioner was sentenced to 70 months of imprisonment on November 20, 2008, and he was assigned to McRae Correctional Facility, his current place of incarceration. See id., doc. nos. 15, 16.

In the instant motion, Petitioner alleges that he has been placed in a "private institution under contract with the BOP, designated for deportable alien[s]." (Doc. no. 1, p. 3.) Petitioner asserts that his placement deprives him of opportunities for "pre-community placement," as well as participation in a residential drug program and possible sentence reduction, and he is being denied "those rights and privileges due to an inaccurate maladjustment of his nationality status." (Id. at 3.)

Petitioner has attached documents in support of his claim for derivative citizenship, including his application for permanent residence, his permanent resident card, an Illinois Driver's License, and his birth certificate. (Id., Exs. A-E.) Petitioner requests that the Court declare a judgment in his favor and order his removal to a "BOP camp or halfway house." (Id. at 3.) Notably, Petitioner does not state that he has initiated any other proceedings regarding his claim of derivative citizenship.

## II. DISCUSSION

The instant action is subject to dismissal because Petitioner has failed to exhaust his administrative remedies prior to filing his declaratory judgment action. There are two instances in which judicial review of a claim of derivative citizenship is appropriate. The first begins by filing an application for certificate of citizenship with the Department of Homeland Security ("DHS"). See 8 C.F.R. § 341.1. If such an application is denied, an

appeal may be filed with the Administrative Appeals Unit ("AAU"). Id. § 322.5(b). If an appeal is denied by the AAU, then an applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. See 8 U.S.C. § 1503(a); see also Todd-Murgas v. Samuels, 2007 U.S. Dist. LEXIS 29642, at * 5-6 (D.N.J. Apr. 19, 2007) (summarizing regulatory procedure for initiating derivative citizenship claim); Barham v. United States, 1999 U.S. Dist. LEXIS 18160, at *4-5 (E.D.N.Y. Nov. 30, 1999) ("Only after a certificate of citizenship is denied following this administrative procedure does the district court have jurisdiction to determine citizenship").

The second scenario in which judicial review of a derivative citizenship claim is appropriate only occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing 8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. See 8 U.S.C. §§ 1503(a) & 1252(b) - (d); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional); Henriquez, 269 F. Supp. 2d at 108.

In this case, Petitioner is not seeking judicial review of a denial of an application for citizenship initiated with the DHS and appealed through the AAU. Nor is Petitioner seeking

3

review of a derivative citizenship claim raised in a removal proceeding.[2] Accordingly, Petitioner has not shown that he has satisfied the exhaustion requirement, and this Court is without jurisdiction to entertain his action for a declaratory judgment.

## III. CONCLUSION

In sum, the Court finds that it lacks subject matter jurisdiction to entertain Petitioner's action for a declaratory judgment because he has not exhausted his available administrative remedies. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 26th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Indeed, Petitioner specifically states in the instant motion that he is not in a removal proceeding. (See doc. no. 1, p. 2.)

4