# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 DEC 20  PM 4:00

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| LUIS LONDONO-DAZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-098 |
| | ) | |
| CHARLES SAMUEL, BOP Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 4). The Magistrate Judge recommended that the instant petition for a "Declaration of Judgment of Nationality or Citizenship Pursuant to 8 U.S.C. § 1503 under 28 U.S.C. § 2201" be dismissed for lack of subject matter jurisdiction. (Doc. no. 3.) In particular, the Magistrate Judge found that the Court lacked jurisdiction due to Petitioner's failure to exhaust administrative remedies. (Id. at 4.) The Magistrate Judge found in the R&R that Petitioner had given no indication that he was seeking judicial review of a denial of an application for citizenship initiated with the Department of Homeland Security ("DHS") and appealed through the Administrative Appeals Unit ("AAU"), as required by 8 U.S.C. § 1503. (Id. at 2-3.) The Magistrate Judge also found that Petitioner was not seeking review of denial of a derivative citizenship claim in a removal proceeding, because Petitioner explicitly stated he was not in a removal proceeding in his petition. (Id. at 3-4.) In his objections, Petitioner

alleges that he did fulfill the exhaustion requirement, or, if he did not, that he is not subject to it. (See doc. no. 4.) Upon consideration, the Court finds that Petitioner's objections lack merit.

Petitioner first alleges that he "filed documents" with the DHS, and he attaches a notice of "Rejected Filing" that he received. (See doc. no. 4, Ex. A.) The notice states that Petitioner's "Motion to Cancel Removal Proceedings" was rejected because "[t]he Immigration Court does not have a record of [Petitioner's] case." (Id.) Petitioner does not state or show, however, that he applied for a certificate of citizenship with the DHS. Thus, even in light of Petitioner's allegations in his objections that he "filed documents" with the DHS, Petitioner has offered no reason to depart from the Magistrate Judge's finding that he was not seeking review of the denial of an application for citizenship with the DHS, or that Petitioner had failed to appeal the denial of such an application through the AAU. See Todd-Murgas v. Samuels, 2007 U.S. Dist. LEXIS 29642, at *7-8 (D.N.J. Apr. 19, 2007) (finding that petitioner who only alleged that he had "sent two letters to the Immigration and Naturalization Services" and received no response had not exhausted his administrative remedies, because "[p]etitioner does not show that he has applied for a certificate of citizenship by filing a Form N-600 application with the CIS [Citizenship and Immigration Services]" and there was thus "no administrative determination with respect to [p]etitioner's claim of citizenship for this Court to review . . . .")

Next, as noted earlier, Petitioner stated in his petition that he was not subject to a removal proceeding. (See doc. no. 1, p. 2.) To that end, the exhibit he attaches to his objections states that he did not have a case pending before the Immigration Court as of

2

September 12, 2012. (See doc. no. 4, Ex. A.) Petitioner appears to allege, however, that he

will be subject to removal at the end of his current term of incarceration, and he cites 8

U.S.C. § 1252, which governs judicial review of orders of removal. (See id. at 2-5.) In any

event, assuming for the sake of argument that Petitioner is or has been subject to a removal

proceeding, he still has not shown that he made a claim of derivative citizenship in his

removal proceedings which was denied. See Henriquez v. Ashcroft, 269 F. Supp. 2d 106,

108 (E.D.N.Y. 2003).   Furthermore, Petitioner has not shown that he exhausted his

administrative remedies, namely by appealing to the Board of Immigration Appeals ("BIA").

The Eleventh Circuit Court of Appeals has affirmatively held, however, that exhaustion of

administrative remedies under § 1252(d)(1) is a jurisdictional requirement. See Sundar v.

INS, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that

have not been raised before the BIA.") (citing Fernandez-Bernal v. Att'y Gen., 257 F.3d

1304, 1317 n. 13 (11th Cir. 2001)).

Finally, even if the exhaustion requirement had been fulfilled or did not apply,[1]

Petitioner should still seek review before the appropriate United States Court of Appeals, not

this Court. See Henriquez, 269 F. Supp. 2d at 108 (citing 8 U.S.C. § 1252(b)(5)); see also

Douglas v. Mukasey, No. 2:08-CV-272-FtM-99DNF, 2008 WL 3889737, at *2 (M.D. Fla.

---

[1]Petitioner cites cases that are not binding authority in this Circuit for the proposition
that the exhaustion requirement in § 1252 does not apply to a person subject to a removal
proceeding who makes a "non-frivolous" claim of United States citizenship. See Minasyan
v. Gonzales, 401 F.3d 1069, 1074-75 (9th Cir. 2005); see also Moussa v. INS, 302 F.3d 823,
825 (8th Cir. 2002) (concluding that Court of Appeals had jurisdiction to determine whether
petitioner was an alien in order to determine whether § 1252(d)(1) required him to exhaust).
Notably, the cases cited by Petitioner do not involve aliens in federal custody.  Even if
Petitioner were not required to exhaust, however, as explained infra, his claim is still not
properly before this Court.

Aug. 20, 2008) ("Petitioner is essentially asking that this Court make a factual determination as to his derivative citizenship. Petitioner's proper course of action is to raise his derivative citizenship claim in the current [removal] proceedings, and, if appropriate, file any appeals of the immigration judge's decision, prior to filing a review of such decision in the appropriate United States Court of Appeals.").

Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, as the Court lacks subject matter jurisdiction, this case is **DISMISSED WITHOUT PREJUDICE**, and this civil action is **CLOSED**.

SO ORDERED this 20th day of December, 20 12, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE